UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON VIERRA,<br><br>    Plaintiff,<br><br>  -against-<br><br>JOHN/JANE DOE, SUPERINTENDENT, ET AL.,<br><br>    Defendants. | 26-CV-0904 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Franklin Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was denied timely medical treatment while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Named as Defendants are John/Jane Doe medical providers at Wallkill Correctional Facility ("Wallkill") and Sing Sing Correctional Facility ("Sing Sing"), and the Sing Sing Superintendent. Plaintiff alleges the following.

On June 16, 2021, while Plaintiff was incarcerated at Sing Sing, he woke up to "severe pain in his neck, elbow and back." (ECF 1 at 3.) At an "emergency sick call" that day, Plaintiff was "given basic pain killer medication," and five days later, on June 21, 2021, medical staff took x-rays. No one told Plaintiff what the x-rays showed, and on July 9, 2021, he was transferred to Wallkill. (*Id.*) Plaintiff informed Wallkill staff "of his severe pain and suffering," and he saw a "medical provider" the following day, was "given more pain killers and told that he would soon see the facility doctor." (*Id.* at 4.) It appears, however, that Plaintiff did not see a doctor for almost a year-and-a-half, until February 9, 2023, "after continuously complaining" about his pain. (*Id.*) On May 4, 2023, an MRI at Ellenville Hospital revealed that Plaintiff's

condition had "worsened" and required surgery. (*Id.*) Plaintiff claims that the delay in treatment constitutes deliberate indifference to his serious medical needs, and he seeks damages. (*Id.* at 7).

For following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was denied timely medical treatment at Sing Sing, which is located in this District, and at Wallkill, which is located in Ulster County, in the Northern District of New York. *See* 28 U.S.C. § 112. Thus, venue appears to be proper both in this District and in the Northern District. *See* 28 U.S.C. § 1391(b)(1), (2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Although Plaintiff names Sing Sing defendants and alleges that he was denied timely medical treatment during his incarceration there, he indicates in his complaint that he was there for one month during the time that the pain started. In other words, a more substantial part of the events or omissions giving rise to the claim occurred after Plaintiff was transferred to Walkill, when he alleges that there was a year-and-a-half delay before he received adequate medical treatment. It is thus reasonable to expect that the relevant documents and witnesses also would be at Wallkill. Because all Defendants appear to reside in New York and at least one likely resides in the Northern District of New York, venue for any claims that arose at Sing Sing is also good in the Northern District of New York.

The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience

under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 27, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4